IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| DAVID MALAGESE and<br>WHITNEY GRIFFIN, on behalf<br>of all persons similarly situated,<br><br>                        Plaintiffs,<br><br>v.<br><br>FIFTH THIRD BANK,<br><br>                        Defendant. | )<br>)<br>)<br>)<br>)    Civil Action No.: 3:17-CV-489-JHM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT FIFTH THIRD BANK'S ANSWER**
**AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant, Fifth Third Bank ("Fifth Third"), by and through its undersigned counsel, hereby files this answer and affirmative defenses to the putative Amended Class Action Complaint [D.E. 20] filed by Plaintiffs David Malagese and Whitney Griffin, on behalf of all persons similarly situated, and states as follows. The following numbered paragraphs 1-40 correspond to the numbered paragraphs in the Amended Complaint.

**AS TO "INTRODUCTION"**

1. Insofar as Paragraph 1 of the Amended Complaint calls for a legal conclusion, it requires no answer. To the extent an answer is required, Fifth Third admits that Plaintiffs' Amended Complaint seeks monetary damages, restitution, and declaratory relief as a result of Plaintiffs' allegation that Fifth Third assessed and collected overdraft fees on accounts that were ostensibly never actually overdrawn. Fifth Third specifically denies that the accounts at issue in

the instant case were never actually overdrawn, and denies that the Amended Complaint sets forth a viable cause of action against it.

2. Insofar as Paragraph 2 of the Amended Complaint calls for a legal conclusion, it requires no answer. To the extent an answer is required, Fifth Third states that its contractual agreements with the Plaintiffs speak for themselves. Fifth Third denies the remaining allegations in Paragraph 2 of the Amended Complaint.

3. As to the allegations contained in Paragraph 3 of the Amended Complaint, the checking account contract documents between Fifth Third and the Plaintiffs speak for themselves. Fifth Third admits that the "Fifth Third Rules and Regulations Applicable to All Fifth Third Consumer and Business Banking Accounts and Cards," attached as Exhibit A to the Amended Complaint, is a copy of the rules and regulations applicable to Fifth Third consumer and business banking accounts and cards opened in or after July 2017. Fifth Third specifically denies that Exhibit A is applicable to the transactions at issue in the instant case. Fifth Third denies the remaining allegations in Paragraph 3 of the Amended Complaint.

4. Fifth Third denies the allegations in Paragraph 4 of the Amended Complaint.

5. Fifth Third denies the allegations in Paragraph 5 of the Amended Complaint.

6. Fifth Third denies the allegations in Paragraph 6 of the Amended Complaint and specifically denies that Plaintiffs are entitled to any relief.

### AS TO "JURISDICTION AND VENUE"

7. Insofar as Paragraph 7 of the Amended Complaint calls for a legal conclusion, it requires no answer. To the extent an answer is required, Fifth Third admits the legal allegations in Paragraph 7 of the Amended Complaint for jurisdictional purposes only, otherwise denied.

Fifth Third further states that venue for the instant lawsuit is governed by the venue selection clause in the parties' contracts which mandates that all litigation take place in Cincinnati, Ohio.

8. Insofar as Paragraph 8 of the Amended Complaint calls for a legal conclusion, it requires no answer. To the extent an answer is required, Fifth Third admits the allegations in Paragraph 8 of the Amended Complaint for purposes of venue only, otherwise denied.

## AS TO "<u>PARTIES</u>"

9. Upon information and belief, Fifth Third admits that Plaintiff Malagese was a citizen of the State of Kentucky at the time of the identified transactions in the Amended Complaint. Fifth Third is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Amended Complaint and therefore denies them.

10. Upon information and belief, Fifth Third admits that Plaintiff Griffin was a citizen of the State of Indiana at the time of the identified transactions in the Amended Complaint. Fifth Third is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Amended Complaint and therefore denies them.

11. Fifth Third admits it is a national bank with its headquarters and principal place of business located in Cincinnati, Ohio, and that it provides retail banking services to consumers, including the issuance of debit cards for use in conjunction with checking accounts. Fifth Third also admits that it operates banking centers and conducts business in Kentucky and in other states. Fifth Third denies the remaining allegations in Paragraph 11 of the Amended Complaint.

## AS TO "FACTUAL BACKGROUND AND GENERAL ALLEGATIONS"

12. Fifth Third admits the allegations in Paragraph 12 of the Amended Complaint.

13. Fifth Third admits the allegations in Paragraph 13 of the Amended Complaint.

14. Fifth Third admits that by its contractual agreement with the Plaintiffs, it charges a fee for overdraft transactions in the amount of approximately $37. Fifth Third denies the remaining allegations in Paragraph 14 of the Amended Complaint.

### A. Mechanics of a Debit Card Transaction

15. As to the allegations contained in Paragraph 15 of the Amended Complaint, Paragraph 15 states background information regarding the mechanics of a debit card transaction to which no response is required. To the extent a response is required, Fifth Third states that Paragraph 15 is an overly-simplified explanation of the mechanics of a debit card transaction and therefore denies the allegations.

16. As to the allegations contained in Paragraph 16 of the Amended Complaint, Paragraph 16 states background information regarding the mechanics of a debit card transaction to which no response is required. To the extent a response is required, Fifth Third states that Paragraph 16 is an overly-simplified explanation of the mechanics of a debit card transaction and therefore denies the allegations.

17. As to the allegations contained in Paragraph 17 of the Amended Complaint, Paragraph 17 states background information regarding the mechanics of a debit card transaction to which no response is required. To the extent a response is required, Fifth Third states that Paragraph 17 is an overly-simplified explanation of the mechanics of a debit card transaction and therefore denies the allegations. As to the remaining allegations contained in Paragraph 17 of the

Amended Complaint, 74 FR 5498-01 speaks for itself. Fifth Third denies any allegations inconsistent with 74 FR 5498-01.

18. As to the allegations contained in Paragraph 18 of the Amended Complaint, Paragraph 18 states background information regarding the mechanics of a debit card transaction to which no response is required. To the extent a response is required, Fifth Third states that Paragraph 18 is an overly-simplified explanation of the mechanics of a debit card transaction and therefore denies the allegations.

19. As to the allegations contained in Paragraph 19 of the Amended Complaint, Paragraph 19 states background information regarding the mechanics of a debit card transaction to which no response is required. To the extent a response is required, Fifth Third states that Paragraph 19 is an overly-simplified explanation of the mechanics of a debit card transaction and therefore denies the allegations.

      **B.**    **Fifth Third Account Documents**

20. As to the allegations contained in Paragraph 20 of the Amended Complaint, Fifth Third admits that its checking accounts are governed by Fifth Third's contract documents for deposit accounts, the terms of which speak for themselves. Fifth Third denies the remaining allegations in Paragraph 20 of the Amended Complaint.

21. As to the allegations contained in Paragraph 21 of the Amended Complaint, Fifth Third admits that its checking accounts are governed by Fifth Third's contract documents for deposit accounts. The checking account contract documents between Fifth Third and the Plaintiffs speak for themselves. Fifth Third admits that the "Fifth Third Rules and Regulations Applicable to All Fifth Third Consumer and Business Banking Accounts and Cards," attached as Exhibit A to the Amended Complaint, is a copy of the rules and regulations applicable to all

Fifth Third consumer and business banking accounts and cards opened in or after July 2017. Fifth Third specifically denies that Exhibit A is applicable to the transactions at issue in the instant case. Fifth Third denies the remaining allegations in Paragraph 21 of the Amended Complaint.

### C. Plaintiffs' Experience

22. As to the allegations contained in Paragraph 22 of the Amended Complaint, Fifth Third admits that on or about September 14, 2015, Plaintiff Malagese was assessed an overdraft fee in the amount of $37. Fifth Third denies that Plaintiff Malagese's "account never went negative and always had sufficient funds to cover" the identified transaction. Fifth Third denies the remaining allegations in Paragraph 22 of the Amended Complaint.

23. As to the allegations contained in Paragraph 23 of the Amended Complaint, Fifth Third denies the allegations related to the transactions on October 8, 2016. As for the transactions on December 6, 2016, Fifth Third admits that Plaintiff Griffin was charged two overdraft fees in the amount of $37. Fifth Third denies that Plaintiff Griffin's account had sufficient funds to cover the December 6, 2016 transactions. Fifth Third denies the remaining allegations in Paragraph 23 of the Amended Complaint.

### AS TO "CLASS ALLEGATIONS"

24. Insofar as Paragraph 24 of the Amended Complaint calls for a legal conclusion, it requires no answer. To the extent an answer is required, Fifth Third admits that Plaintiffs purport to bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Fifth Third specifically denies that Plaintiffs have satisfied the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23, and further denies that Plaintiffs' allegations state a claim against Fifth Third.

25. Insofar as the allegations contained in Paragraph 25 of the Amended Complaint are statements of the case, they require no answer. To the extent an answer is required, Fifth Third admits that Plaintiffs purport to bring a class action. Fifth Third specifically denies that the Amended Complaint sets forth a viable cause of action and that class treatment is appropriate.

26. Insofar as the allegations contained in Paragraph 26 of the Amended Complaint are statements of the case, they require no answer. To the extent an answer is required, Fifth Third admits that Plaintiffs purport to bring a class action. Fifth Third specifically denies that the Amended Complaint sets forth a viable cause of action and that class treatment is appropriate.

27. Insofar as the allegations contained in Paragraph 27 of the Amended Complaint are statements of the case, they require no answer. To the extent an answer is required, Fifth Third admits that Plaintiffs purport to bring a class action. Fifth Third specifically denies that the Amended Complaint sets forth a viable cause of action and that class treatment is appropriate.

28. Fifth Third denies the allegations contained in Paragraph 28 of the Amended Complaint.

29. Fifth Third denies the allegations contained in Paragraph 29 of the Amended Complaint.

30. Fifth Third denies the allegations contained in Paragraph 30 of the Amended Complaint.

31. Fifth Third denies the allegations contained in Paragraph 31 of the Amended Complaint and all subparts therein.

32. Fifth Third denies the allegations contained in Paragraph 32 of the Amended Complaint.

33. Fifth Third denies the allegations contained in Paragraph 33 of the Amended Complaint.

34. Fifth Third denies the allegations contained in Paragraph 34 of the Amended Complaint.

35. Fifth Third denies the allegations contained in Paragraph 35 of the Amended Complaint.

## AS TO "**FIRST CLAIM FOR RELIEF**"
### **Breach of Contract**
### **(On Behalf of the Classes)**

36. Fifth Third incorporates herein its responses to Paragraphs 1 through 33 above as if set forth fully herein.

37. Fifth Third admits the allegations contained in Paragraph 37 of the Amended Complaint.

38. Fifth Third denies the allegations contained in Paragraph 38 of the Amended Complaint. Fifth Third specifically denies that Plaintiffs did not overdraw their checking accounts with Fifth Third.

39. Fifth Third denies the allegations contained in Paragraph 39 of the Amended Complaint.

40. Fifth Third denies the allegations contained in Paragraph 40 of the Amended Complaint.

Fifth Third further denies all allegations not specifically admitted herein.

## AS TO "**PRAYER FOR RELIEF**"

Plaintiffs' WHEREFORE paragraph, and each subparagraph therein, does not contain any factual allegations to which Fifth Third is required to respond; however, Fifth Third denies that Plaintiffs, or any other members of the putative class, are entitled to any relief whatsoever.

## **FIRST AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a claim upon which relief may be granted.

## **SECOND AFFIRMATIVE DEFENSE**

The Amended Complaint may be barred by the equitable defenses of laches, unclean hands and equitable estoppel.

## **THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' damages, if any, are barred or limited to the extent they have not acted to mitigate their damages (if any).

## **FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs have waived any and all claims they may have against Fifth Third.

## **FIFTH AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a valid claim for attorneys' fees, expenses, or costs.

## **SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' Amended Complaint should be dismissed and/or transferred to the venue set forth in the contract between the parties – the United States Federal District Court for the Southern District of Ohio.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the Statute of Limitations.

## EIGHTH AFFIRMATIVE DEFENSE

The damages or other appropriate relief, if any, of any putative class members are available individually rather than through the utilization of the class action procedure.

## NINTH AFFIRMATIVE DEFENSE

The damages or appropriate relief, if any, of the Plaintiffs or any putative class members are the direct and proximate result of actions and/or omissions of third-parties for which Fifth Third is not responsible or liable.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by Plaintiffs' own breach of contract.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained the damages alleged in the Amended Complaint, the same were caused in whole or in part by Plaintiffs' own negligence, willful, wanton, and/or intentional misconduct.

## TWELFTH AFFIRMATIVE DEFENSE

Fifth Third acted in good faith and in accordance with reasonable commercial banking standards and its own policies and procedures.

## THIRTEENTH AFFIRMATIVE DEFENSE

Fifth Third's actions were not deceptive or unconscionable.

## **FOURTEENTH AFFIRMATIVE DEFENSE**

Fifth Third reserves their right to amend or add more defenses or affirmative defenses as may be determined during the course of discovery.

WHEREFORE, Fifth Third Bank respectfully requests that the Court:

1. Dismiss Plaintiffs' Amended Complaint with prejudice;

2. Enter judgment in favor of Fifth Third and direct Plaintiffs to recover nothing;

3. Award Fifth Third its attorneys' fees, expenses and costs; and

4. Grant Fifth Third such other and further relief as the Court deems just and proper.

Submitted this the 7th day of December, 2017.

                                               Respectfully submitted,

                                               /s/ Joseph N. Tucker, Esq.
                                               Joseph N. Tucker, Esq.
                                               DINSMORE & SHOHL LLP
                                               101 South Fifth Street, Suite 2500
                                               Louisville, KY 40202
                                               Tel: (502) 540-2360
                                               Fax: (502) 540-2529
                                               Email: joseph.tucker@dinsmore.com
                                               *Attorney for Defendant, Fifth Third Bank*

## CERTIFICATE OF SERVICE

       I hereby certify that I electronically filed the foregoing with the Clerk of the United States District Court and a true and accurate copy of the foregoing was served this 7th day of December, 2017, via the CM/ECF System of the Court upon the following:

John C. Whitfield, Esq.
Caroline Ramsey Taylor, Esq.
WHITFIELD BRYSON & MASON LLP
19 North Main Street
Madisonville, KY 42431

Richard D. McCune, Esq.
Jae (Eddie) K. Kim, Esq.
MCCUNE WRIGHT AREVALO LLP
3281 East Guasti Road, Suite 100
Ontario, CA 91761

Jeffrey M. Ostrow
KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, FL 33301

*Attorneys for Plaintiffs and the Proposed Classes*

Gary E. Mason, Esq.
WHITFIELD BRYSON & MASON LLP
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016

Taras P. Kick, Esq.
THE KICK LAW FIRM APC
815 Moraga Drive
Los Angeles, CA 90049

*Attorneys for Plaintiffs and the Proposed Classes*

      /s/ Joseph N. Tucker, Esq.
      *Counsel for Defendant*

11814104v2